

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUSNI PIRMANSYAH,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos.  12-73271<br>       15-73914<br><br>Agency No. A097-103-094<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2018**
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and SESSIONS,***
District Judge.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Petitioner Yusni Pirmansyah petitions for review of decisions by the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and relief under the Convention Against Torture, and denying Pirmansyah's second motion to reopen. We deny both petitions.

Substantial evidence supports the adverse credibility determination made by the Immigration Judge (IJ) against Pirmansyah, including "significant inconsistencies" among the proffered testimony, asylum applications and declarations, and documents submitted in conjunction with the hearing. These inconsistencies ranged from whether or not Pirmansyah gave money to his identified political party to whether or not he was abandoned in the woods after being attacked. Because there is substantial evidence in the record to support the adverse credibility determination, Pirmansyah's petition must be denied. *See* 8 U.S.C. § 1252(b)(4)(B); *Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007) (noting that an adverse credibility determination must be upheld unless a different finding is compelled by the evidence).

Reopening of a previously adjudicated asylum claim is warranted only if a petitioner demonstrates materially changed circumstances or conditions "arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2. Relying on the most recent country report for Indonesia and

2

other evidence presented during the hearing, the BIA concluded that members or former members of Pirmansyah's identified political party were not targeted for persecution, and that Pirmansyah for the second time had failed to meet his heavy burden of establishing changed country conditions. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992) (observing that motions to reopen are "disfavored"). This determination was not an abuse of discretion on the part of the BIA. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1187 (9th Cir. 2001) (en banc) (reviewing the denial of a motion to reopen for an abuse of discretion).

**PETITIONS DENIED.**